**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Theodore Griffin**,

Plaintiff,

vs.

**Covenant Aire Solutions LLC**, an Arizona limited liability company, and **Daniel Polangco and Paula Polangco**, a married couple,

Defendant.

No.

**VERIFIED COMPLAINT**

Plaintiff, Theodore Griffin ("Plaintiff" or "Theodore Griffin"), sues the Defendants, Covenant Aire Solutions LLC, and Daniel Polangco and Paula Polangco ("Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Covenant Aire Solutions LLC is a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Covenant Aire Solutions LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

9. At all relevant times, Defendant Covenant Aire Solutions LLC owned and operated as "Covenant Aire Solutions," an air conditioning company located in Tucson, Arizona.

10. Under the FLSA, Defendant Covenant Aire Solutions LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Covenant Aire Solutions LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Covenant Aire Solutions LLC is subject to liability under the FLSA.

11. Defendants Daniel Polangco and Paula Polangco are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Daniel Polangco and Paula Polangco are owners of Covenant Aire Solutions LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Daniel Polangco and Paula Polangco are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Daniel Polangco and Paula Polangco had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Daniel Polangco and Paula Polangco are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27. Defendants own and/or operate as Covenant Aire Solutions, an enterprise located in Pima County, Arizona.

28. Plaintiff was hired by and began working for Defendants in approximately January 2022.

29. At all relevant times, Plaintiff worked for Defendants through approximately September 5, 2022.

30. At all relevant times, in his work for Defendants, Plaintiff worked as an HVAC Technician for Defendants.

31. Defendants, in their sole discretion, paid Plaintiff $1,000 per week, regardless of the number of hours he worked.

32. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately between 60 and 70 hours per week.

33. Defendants classified Plaintiff as W-2 employee.

34. At all relevant times, Defendants paid Plaintiff on a weekly basis.

35. In his final workweek with Defendants, Plaintiff worked approximately 60 or 70 hours.

36. Rather than compensate Plaintiff his earned wages for his final week of work, Defendants withheld his final paycheck for various reasons, including alleged "Loss of Freon" and an alleged claim of damage caused by a "Car Accident."

37. As a result of having withheld Plaintiff's entire final paycheck, Defendants failed to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendants.

38. Therefore, for the final workweek that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

39. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

40. As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

42. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

43. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S. § 23-350, et seq.

44. Plaintiff was a non-exempt employee.

45. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

48. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

49. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

50. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

53. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

54. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Theodore Griffin, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

57. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Theodore Griffin, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT COVENANT AIRE SOLUTIONS LLC ONLY**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. As a result of the allegations contained herein, Covenant Aire Solutions LLC did not compensate Plaintiff wages due and owing to him.

61. Defendant Covenant Aire Solutions LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

62. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final two workweeks in which he was employed by Covenant Aire Solutions LLC.

63. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Theodore Griffin, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Covenant Aire Solutions LLC:

A. For the Court to declare and find that the Defendant Covenant Aire Solutions LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 4th day of October, 2022.

BENDAU & BENDAU PLLC

By: */s/ Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Theodore Griffin, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

Theodore Griffin (Oct 4, 2022 13:25 PDT)

Theodore Griffin

# GRIFFIN; COMPLAINT DRAFT 1 (TO CLIENT); 10-4-22

Final Audit Report 2022-10-04

| | |
|---|---|
| Created: | 2022-10-04 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIGLuT2CZ9xVxZbQbUcXufqiC5BCyX0dz |

## "GRIFFIN; COMPLAINT DRAFT 1 (TO CLIENT); 10-4-22" History

Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
2022-10-04 - 8:18:09 PM GMT- IP address: 72.208.145.31

Document emailed to addted2@yahoo.com for signature
2022-10-04 - 8:18:30 PM GMT

Email viewed by addted2@yahoo.com
2022-10-04 - 8:24:16 PM GMT- IP address: 69.147.90.62

Signer addted2@yahoo.com entered name at signing as Theodore Griffin
2022-10-04 - 8:25:30 PM GMT- IP address: 172.110.168.235

Document e-signed by Theodore Griffin (addted2@yahoo.com)
Signature Date: 2022-10-04 - 8:25:32 PM GMT - Time Source: server- IP address: 172.110.168.235

Agreement completed.
2022-10-04 - 8:25:32 PM GMT

Adobe Acrobat Sign